HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtor and Debtor
in Possession*
Joshua J. Angel
Frederick E. Schmidt, Jr.
Hanh V. Huynh
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
jangel@herrick.com
eschmidt@herrick.com
hhuynh@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| THE GLAZIER GROUP, INC., | Case No. 10-16099(ALG) |
| Debtor. | |

------------------------------------------------------x

## MOTION FOR AN ORDER AUTHORIZING THE DEBTOR
## TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT

The Glazier Group, Inc (the "Debtor"), the debtor and debtor in possession herein, by its proposed counsel, Herrick, Feinstein LLP, as and for its motion (the "Motion") for and order authorizing the Debtor to enter into that certain Commercial Premium Finance Agreement and Disclosure Statement (the "Finance Agreement") with First Insurance Funding Corp. ("First Insurance") in connection with the financing of premiums due under the Debtor's insurance policies (the "Policies"), respectfully represents as follows:

### INTRODUCTION

1. On November 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in this Court, and an order for relief under section 301 of the Bankruptcy Code was entered in its case (the "Chapter 11 Case").

2. The Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in the Chapter 11 Case.

## BACKGROUND

4. The Debtor is a privately owned corporation that provides restaurant management and support services to 9 affiliates (the "Affiliates") including but not limited to accounting, human resources, purchasing, public relations, maintenance, culinary and executive management. The Debtor's principal office is located in New York, New York.

5. Additional information about the Debtor's business and the events leading up to the Petition Date can be found in the Affidavit of Peter Glazier Pursuant to Local Rule 1007-2 (the "Glazier Affidavit").

**The Debtor's Insurance Policies**

6. The Debtor maintains insurance coverage for liabilities relating to, among other things, general commercial claims, umbrella, workers' compensation and various other general liabilities. Continuation of these policies is essential to the ongoing operation of the Debtor's business.

7. Specifically, the Debtor maintains the following commercial insurance policies in the ordinary course of its operations: (i) a package insurance policy

2

issued by American Automobile Insurance Company that covers general property and liability, (ii) an umbrella policy issued by St. Paul Fire & Marine Insurance Company that provides an additional $25 million in liability coverage, and (iii) a worker's compensation insurance policy issued by The Hartford Casualty Insurance Company (collectively, the "Policies").

8. The Debtor is required to pay premiums under the Policies based upon rates established by the applicable Policy. The total amount of premiums due on these Policies is $433,002.16. The Debtor does not have the ability, nor is it in best interest of the estate, to pay the total amount of premiums due under the Policies when such payments are due. Accordingly, the Debtor has determined that is necessary to finance the premiums due on the Policies.

**The Finance Agreement**

9. The Debtor has executed the Finance Agreement with First Insurance for the financing of the Policies, subject to Court approval. A copy of the Finance Agreement is annexed hereto as Exhibit "A".

10. Pursuant to the Finance Agreement, the Debtor will finance through First Insurance the payment of $346,401.73 (which is the total premium of $433,002.16 due under the Policies, less a down payment of $86,600.43) as well as a finance charge of $8,936.99, for a total financed amount of $355,338.72 (the "Financed Amount"). First Insurance pays the premiums at the Policies' inception (other than the down payment which is made by the Debtor), and the Debtor is required to make monthly payments of the Financed Amount. The Financed Amount is payable in nine monthly payments of $39,482.08 beginning January 13, 2011.

3

11. As collateral to secure the repayment of the indebtedness under the Finance Agreement, the Finance Agreement provides that, "[a]s security for the payments to be made, the insured assigns [First Insurance] a security interest in return premiums, dividend payments, and certain loss payments with reference to the [Policies]. Under certain conditions, FIRST HAS THE RIGHT TO CANCEL FINANCED POLICIES, as provided on page 2 of this agreement." Finance Agreement pg. 1.

12. Further pursuant to the Finance Agreement, the Debtor shall appoint First Insurance as attorney-in-fact with the irrevocable power to cancel the Policies and collect the unearned premiums in the event the Debtor is in default of its obligations under the Finance Agreement.

13. The Debtor and First Insurance have reached an agreement on the following provisions for adequate protection to First Insurance:

- The Debtor shall obtain Court approval authorizing and directing it to timely make all payments due under the Finance Agreement, and authorizing First Insurance to receive and apply such payments to the indebtedness owed by the Debtor to First Insurance as provided in the Finance Agreement.

- If the Debtor does not make any of the payments due under the Finance Agreement as they become due, the Debtor shall consent to the automatic stay being lifted to enable First American and/or other third parties, including insurance companies providing the coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the indebtedness owed to First Insurance by the Debtor. In exercising such rights, First Insurance and/or third parties shall comply with the notice and other relevant provisions of the Finance Agreement.

4

## RELIEF REQUESTED

14. By this Application, the Debtor seeks authorization, pursuant to sections 364 of the Bankruptcy Code to enter into the Finance Agreement, obtain secured credit for the financing of the premiums due under the Policies, and provide First Insurance with adequate protection in connection with the financing extended by First American under the Finance Agreement.

15. It is essential that the Debtor maintains its insurance on an uninterrupted basis. The nonpayment of any premiums, deductibles or related fees under the Finance Agreement would result in the termination of the Policies administered under the Debtor's insurance program. The Debtor could be exposed to substantial liability for personal damages to the detriment of all parties in interest. Furthermore, the Debtor would then be required to obtain replacement policies and premium financing on an expedited basis at a significant cost to the estate. Moreover, applicable state law mandates that the Debtor maintain workers' compensation coverage for its employees, which is currently provided under the Debtor's insurance program.

16. Also, pursuant to the terms of the guidelines established by the U.S. Trustee, the Debtor is obligated to remain current with respect to its primary insurance programs. Therefore, the continuation of the Debtor's insurance program, and the payment of all undisputed post-petition obligations arising under the Finance Agreement are essential to preserve the Debtor's business and preserve the value of the Debtor's estate for all creditors.

17. The Debtor has determined, in the exercise of its business judgment, that the terms of the Finance Agreement are commercially fair and reasonable,

HF 6276346v.2 #14758/0002

including granting to First Insurance a lien on the Policies. The Debtor has been unable to obtain unsecured credit to fund the Policies.

18. The relief requested in this Motion is warranted and appropriate under the circumstances. The Debtor submits that authorization of the Finance Agreement will ensure that the Debtor continues necessary operations, and will not prejudice the legitimate interests of creditors and other parties in interest, including the Debtor's secured creditors.

## **NOTICE**

19. No trustee, examiner or statutory creditors' committee has been appointed in this Chapter 11 Case. Notice of this Motion has been provided by providing a copy of the Motion to (i) the Office of the United States Trustee; (ii) the Debtor's secured creditor; (iii) those creditors of the Debtor holding the twenty largest unsecured claims against the Debtor's estate; (iv) First Insurance; and (v) all entities that have filed and served upon the Debtor a notice of appearance and request for service of documents. The Debtor submits that no other or further notice need be provided.

20. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as <u>Exhibit "B"</u> authorizing the Debtor to enter into the Finance Agreement, and grant such other and further relief as it deems just and proper.

Dated: New York, New York
January 13, 2011

                                  HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtor and Debtor in Possession*

By:   /s/ Joshua J. Angel
      Joshua J. Angel
      Frederick E. Schmidt
      Hanh V. Huynh
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
jangel@herrick.com
eschmidt@herrick.com
hhuynh@herrick.com

HF 6276346v.2 #14758/0002