UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                               Chapter 11

THE GLAZIER GROUP, INC.,                            Case No. 10-16099(ALG)

        Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTOR TO ENTER
## INTO INSURANCE PREMIUM FINANCE AGREEMENT

Upon the motion (the "Motion")[1] of The Glazier Group, Inc. (the "Debtor"), seeking authorization, pursuant to section 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules"), to enter into a Commercial Premium Finance Agreement and Disclosure Statement (the "Finance Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York, Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, (ii) the Debtor's secured creditor, (iii) First Insurance Funding Corp. ("First Insurance"); and (iv) all parties having filed a notice of appearance in the Debtor's case; and it appearing that no other or further notice be provided; and a hearing (the "Hearing") having been held to

---
[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

consider the relief requested in the Motion; and upon the record of the Hearing; and upon the Affidavit of Peter Glazier Pursuant to Local Rule 1007-2; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, the estate and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtor is authorized to enter into the Finance Agreement, annexed as Exhibit A to the Motion; and it is further

ORDERED that the Debtor is authorized and directed to grant First Insurance or its successor or assigns a first priority lien on and security interest in unearned premiums as described in the Finance Agreement; and it is further

ORDERED that the Debtor shall timely make all payments due under the Finance Agreement, and First Insurance is authorized to receive and apply such payments to the indebtedness owed by the Debtor to First Insurance as provided in the Finance Agreement; and it is further

ORDERED that, without limitation, the liens, security interests and rights in unearned premiums granted herein and under the Finance Agreement are senior to the lien of any debtor-in-possession lender in this case, and are senior to any claims under section 503, 506(b) or 507(b) of the Bankruptcy Code; and it is further

ORDERED that, if additional premiums become due to insurance companies under the Policies financed under the Finance Agreement, the Debtor and First Insurance or its successors or assigns are authorized to modify the Finance

Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of the Court; and it is further

ORDERED that, in the event the Debtor does not make any of the payments under the Finance Agreement as they become due, the automatic stay shall be lifted to enable First Insurance and/or third parties, including insurance companies providing coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the indebtedness owed by the Debtor to First Insurance; provided, however, that First Insurance and/or third parties shall comply with the notice provisions and other provisions of the Finance Agreement.

Dated: February 3, 2011
      New York, New York

                                            /s/   *Allan   L.   Gropper*
                                 UNITED STATES BANKRUPTCY JUDGE